IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAVICO INC. and NAVICO HOLDING AS, | ) |
| | ) |
|       **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No. 14-cv-303-CVE-TLW |
| | ) |
| GARMIN INTERNATIONAL, INC. and GARMIN USA, INC., | ) ) |
| | ) |
|       **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is defendants' Motion for Leave to Have the Forensic Expert Report of Curtis Rose Considered as Affirmative Evidence and to Serve a Supplemental Report. (Dkt. 140). Defendants timely served Rose's expert rebuttal report on October 19, 2015 – the deadline for serving such reports – but now seek to offer his opinions as affirmative evidence, despite missing the October 5, 2015 deadline for doing so. (Dkts. 97, 140). Defendants also seek permission to serve a supplemental report prepared by Rose. (Dkt. 140).

According to defendants' motion, Rose's rebuttal report analyzes "the metadata embedded within files provided to Garmin by Mark W. Atherton, which discuss using a downwardly-directed scanning sonar beam to image underwater features." Id. This topic has not previously been at issue in this case. Defendants state they received some of the files analyzed in Rose's report in late September but "did not become aware of their significance" until October 3, 2015, two days before the expert report deadline. Id. Defendants argue that, with such short notice, they could not meet the deadline but that they were able to produce to plaintiffs the files in their possession, "some of the metadata," and Dr. Huff's expert report, which relies on some of Atherton's files. Id. Defendants argue that the failure to meet the deadline was either

substantially justified or harmless, citing Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985 (10th Cir. 1999), and therefore should be excused. Id.

Plaintiffs respond that defendants should not be allowed to present Rose's opinions as affirmative evidence because defendants have failed to establish good cause for the untimeliness of his report and because the failure to meet the expert report deadline is not harmless.[1] (Dkt. 154). Plaintiffs contend that defendants had ample time to discover the significance of the Atherton files and that defendants failed to follow the Court's Amended Scheduling Order, which required defendants to file a motion seeking permission to extend any discovery deadlines. (Dkts. 97, 154). Plaintiffs also contend that allowing defendants to use the opinions in the Rose rebuttal report as affirmative evidence will require the parties to undergo additional discovery, as plaintiffs will likely need to engage another expert witness to rebut the report. (Dkt. 154). Plaintiffs state that the extended discovery would also likely impact the trial schedule. Id.

In their reply, defendants counter that they are not seeking to amend the scheduling order. (Dkt. 171). Therefore, defendants argue, the Court does not need to determine whether or not they have established good cause (as required by the Amended Scheduling Order) for their failure to abide by the deadlines. Id. Rather, defendants need only show that their failure to timely submit the report was substantially justified or harmless, as allowed by Rule 37. Id. Under this standard, defendants argue that treating the Rose report as an initial expert report is harmless because plaintiffs can retain their own expert, who could generate a report within a week. Plaintiffs could then depose Rose, or oppose the admission of his report at trial through a motion in limine. Id.

---

[1] In a motion of their own, plaintiffs argue that Rose's opinions should be excluded altogether. That motion will be addressed by separate order.

**ANALYSIS**

Defendants acknowledge that they missed the deadline for disclosing Rose as an affirmative expert witness. See Fed. R. Civ. P. 26(a)(2)(A) and (B); (Dkt. 97). Under Federal Rule of Civil Procedure 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. (37)(c)(1). The Court need not make "explicit findings" regarding substantial justification or harmlessness, and the decision is ultimately left to the Court's discretion. Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (no requirement to make explicit findings); Woodworker's Supply, 170 F.3d at 993 (decision is left to the Court's discretion).

**Whether Defendants' Failure to Meet the Deadline is Substantially Justified**

Defendants argue that their failure to obtain and timely submit the Rose report as an initial expert report is justified by the fact that they did not receive the documents which form the basis of the report until late September 2015 and did not understand the significance of the documents until October 3, 2015, just two days before the initial expert report deadline. (Dkt. 140). Defendants also deny that they are seeking to amend the scheduling order. (Dkt. 171).

First, by seeking to use the opinions in Rose's report as affirmative evidence, the Amended Scheduling Order must either be amended or ignored. (Dkt. 97). The Amended Scheduling Order states that "no date set by this Order can be changed except for good cause and upon written Order of this Court prior to the date scheduled." Id. Defendants admit they were aware of the significance of the Atherton files on October 3, 2015, two days before the Amended Scheduling Order's October 5, 2015 "deadline for expert reports for parties having the burden of

3

proof." (Dkts. 97, 140). If defendants wished to engage Rose as an expert to address an issue for which they hold the burden of proof, then they could have petitioned the Court to extend the expert report deadline. Instead, defendants submitted the report as a rebuttal expert report on October 19, 2015. (Dkt. 140). Four days later, defendants supplemented their Rule 26(a)(1) initial disclosures to identify Rose as an affirmative expert witness. (Dkt. 154-3). Defendants then waited until October 30, 2015, the last day of the discovery period, to seek permission to use Rose's report as an affirmative report by invoking Rule 37(c)(1).[2] (Dkts. 97, 140).

The facts surrounding the discovery of the Atherton files demonstrate that defendants likely would not have been able to retain Rose's services and receive his report in time to meet the October 5, 2015, deadline. However, defendants did have time to notify plaintiffs and the Court that additional time was needed. By approaching the issue as they did, defendants attempted an end run around the Amended Scheduling Order.

Second, defendants' actions clearly created the delay now presented to the Court. Had defendants promptly notified the Court that they needed two additional weeks to obtain the Rose report, the Court could have granted the extension and given plaintiffs time to obtain their own expert before the close of a new discovery deadline. All affirmative expert reports could then have been filed on the same day (as anticipated by the Amended Scheduling Order). As it stands, the Court is faced with the prospect of re-opening discovery three months before the scheduled trial date, two months before the parties must submit their final witness and exhibit lists as part of the agreed proposed pretrial order, and a month before the experts' depositions will be taken

---

[2] As a point of clarity, the Court notes that this situation differs from defendants' Motion for Letters Rogatory (dkt. 133), which the Court granted (dkts. 161, 178). With respect to that motion, the Court found that defendants had made arrangements to take Atherton's deposition, for which Atherton volunteered, prior to the applicable discovery deadline and that the withdrawal of that agreement was the result of plaintiffs' (not plaintiffs' litigation counsel) violation of Rule 1. Id. No such circumstances exist here.

(as agreed by the parties). (Dkts. 97, 137). At a minimum, the Amended Scheduling Order would need to be revised to allow an additional expert report (the Rose report) and an additional rebuttal report from plaintiffs. Defendants' argue that, with the exception of the expert report deadlines, none of the other deadlines are in jeopardy because plaintiffs could obtain a new expert and have a report completed within a week. But this claim is not verifiable and seems, to the Court, unreasonable.

For the foregoing reasons, the Court finds that defendants' failure to serve the Rose report on or before the expert report deadline was not substantially justified. See generally Gilbane Building Co. v. Downers Grove Community High School Dist. No. 99, 2005 WL 838679, *10-11 (N.D. Ill. April 5, 2005) (unpublished) (holding that the plaintiff's failure to timely notify the court of its intent to revise expert opinions was not substantially justified when the result of the plaintiff's delay would require amending the scheduling order).

**Whether Defendants' Failure to Meet the Deadline Was Harmless**

The Tenth Circuit applies a four-part test to determine whether the failure to follow Rule 26(a) or (e) is harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Jacobsen, 287 F.3d at 953 (quoting Woodworker's Supply, 170 F.3d at 993).

If the Court were to allow the opinions in the Rose report to be used as affirmative evidence, plaintiffs will be prejudiced unless they are allowed to obtain their own expert on the topics addressed by Rose. That prejudice will occur in the absence of an order resetting the expert report and expert rebuttal report deadlines. (Dkt. 97). Even if the District Court Judge were inclined to amend the current schedule, it is likely that allowing Rose to opine

5

affirmatively, as opposed to in rebuttal, would disrupt the remaining schedule, including the trial date. The parties' agreed proposed pretrial order, which includes final witness and exhibit lists, is due February 19, 2016, and the trial is scheduled for March 21, 2016. (Dkts. 97, 137). As addressed above, the defendants' contention - that the "discrete technical issue" to be analyzed for a rebuttal expert report can be completed within a week - cannot be verified and, in the Court's view, is unreasonable. It is not out of the question that additional discovery would be required or that retaining a new expert on an issue not previously raised in this case could result in an extended delay.

Finally, the Court does not find that defendants acted in bad faith other than their "seek forgiveness rather than permission" approach. However, defendants failed to promptly notify the Court of their need for additional time. As a result, granting defendants' motion will require moving deadlines and potentially altering the trial date.[3]

Based on the foregoing, the Court concludes that allowing defendants to use the Rose report affirmatively would not be harmless. See Sloan v. Overton, 2010 WL 4340328, *1 (D.Kan. October 27, 2010) (unpublished) (holding that a party was not permitted to designate an expert outside of the discovery deadlines when doing so would "unduly prolong discovery and potentially disrupt the currently scheduled trial. . . .") (emphasis added); Buxton v. Lil' Drug Store Prod., Inc., 2007 WL 2254492, *7 (S.D.Miss. August 1, 2007) (unpublished) (citation omitted) (holding that "the Fifth Circuit has noted that a delay of even a few weeks in disclosing expert testimony disrupts the court's schedule and the opponent's preparation and is thus prejudicial.").

---

[3] It is worth noting that both parties have asked the Court not to stay this case pending the outcome of proceedings at the Federal Trade Commission. (Dkts. 180, 182).

**Supplemental Report**

Defendants also seek permission to supplement the Rose rebuttal report with analysis of additional evidence. According to defendants' motion, the supplemental report, which has not been presented to the Court for review, analyzes the MS 1000 manual "detailing the hardware and software used by Mr. Atherton for the projects" using downward-scanning sonar in 2007, "as well as additional analysis on the 'canfor10.smb' file to further confirm the date the file was created and recorded." (Dkt. 140). Apparently, defendants' expert, Dr. Lloyd Huff, discovered the MS 1000 manual sometime between his initial report, dated October 5, 2015, and his deposition on October 21, 2015. (Dkt. 140-11). It is not clear whether Rose had access to this manual in creating his report.

Federal Rule of Civil Procedure 26(e) states that a party must supplement both disclosures and discovery responses when ordered to do so and on a voluntary basis "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Cases from this district have explained that supplemental reports are limited to cases in which "a disclosing party learns that its information is incorrect or incomplete." Oklahoma ex rel. Edmondson v. Tyson Foods, Inc., 2008 WL 4832658, *2 (N.D.Okla. October 28, 2008) (unpublished) (citation omitted). "A supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to the exclusion under Rule 37(c)(1)." Id. See also D.G. ex rel. G. v. Henry, 2011 WL 2881461, *2 (N.D.Okla. July 15, 2011) (unpublished) (quoting Tyson).

Based on the limited information provided regarding the proposed supplemental report, the Court is not able to determine whether supplementation is proper, both because the Court cannot determine whether the supplemental report meets the guidelines of Rule 26 and the guidance provided by this District and because the Court cannot determine whether the proposed supplemental report will constitute proper rebuttal. If the Court determines that Rose's report contains proper rebuttal, defendants may re-file their motion to supplement. In this event, defendants' motion shall include the proposed supplement and address whether or not it is limited to rebuttal.

## CONCLUSION

For the reasons set forth above, defendants' Motion for Leave to Have the Forensic Expert Report of Curtis Rose Considered as Affirmative Evidence and to Serve a Supplemental Report (dkt. 140) is **DENIED** with prejudice as to defendants' request to use Rose's report affirmatively and without prejudice as to defendants' request to serve a supplement report. Plaintiffs' related Motion to Strike the Rebuttal Expert Report of Curtis Rose (dkt. 157) will be addressed in a separate order.

SO ORDERED this 28th day of December, 2015.

_____
T. Lane Wilson
United States Magistrate Judge