UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAVICO INC. and NAVICO HOLDING AS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-CV-0303-CVE-TLW |
| ) | |
| GARMIN INTERNATIONAL, INC., and ) | |
| GARMIN USA, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On June 4, 2014, Navico Inc. and Navico Holding AS (Navico) filed this case alleging claims of patent infringement against Garmin International, Inc. and Garmin USA, Inc. (Garmin), and Navico identified three patents that were allegedly infringed by Garmin. Navico also brought patent infringement claims before the International Trade Commission (ITC) asserting claims based on the same patents. Dkt. # 41, at 1. On July 2, 2015, an administrative law judge (ALJ) for the ITC issued a final initial determination finding that Garmin had not infringed Navico's patents, and he also construed claim terms that were disputed by the parties. Dkt. # 66-4; Dkt. # 66-5. The ITC determined to review in part the final initial determination and it requested additional briefing from the parties. Dkt. # 168-1, at 4.

The Court set this matter for a Markman[1] hearing and the parties' claim construction briefs identified the following disputed terms: "single linear downscan transducer element" or "linear transducer element;" "sonar beam;" and "combine," "combining," or "combined." The Court held a Markman hearing on September 30, 2015 and heard argument as to the disputed terms, and the

---

[1] Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

parties also advised the Court that the ITC would be issuing its final ruling on November 2, 2015. Dkt. # 117. The parties agreed that the Court should defer issuance of its Markman order until the Court and the parties had an opportunity to review the final decision issued by the ITC. Id. Navico and Garmin have filed motions for summary judgment (Dkt. ## 172, 173,174, 175, 176, 177) and Garmin has filed a motion for judgment on the pleadings (Dkt. # 106). Navico has filed a motion to exclude expert testimony (Dkt. # 194, 195), a motion to compel discovery (Dkt. # 94, 95), and a motion to strike an expert report as untimely (Dkt. # 157).

The ITC issued its final order on December 1, 2015 and the parties have submitted a copy of the decision to the Court. Dkt. # 168. The ITC ruled in favor of Navico on many issues, and a key issue was the construction of the term "single linear downscan transducer." The ITC rejected Garmin's proposed construction of "single linear downscan transducer," and this was a critical reason why the ITC concluded that Garmin's products infringed Navico's patents. Id. at 11-20. However, the ITC found that Navico's construction of "combine" and related terms was "misplaced," and it affirmed with slight modification the ALJ's construction of this term. Id. at 76-77. The final ITC ruling included a limited exclusion order and a cease and desist order. Id. at 81-85. The ITC's decision does not become final until the 60 day period for Presidential review expires. 19 U.S.C. § 1337(j). The ITC's order requires Garmin to post a bond for the full amount of a reasonable royalty for each device imported by Garmin during the 60 day period. Id. at 86-92. The ITC's final order is not appealable until the 60 day Presidential review period is completed, but the ITC's decision can be appealed to the United States Court of Appeals for the Federal Circuit (Federal Circuit) following the Presidential review period. LG Electronics Mobilecomm USA, Inc. v. ITC, 243 F. App'x 598 (Fed. Cir. July 20, 2007).

The Court reviewed the decision and directed the parties to advise the Court whether any party would seek to appeal the ITC's decision and whether any party would request a stay if an appeal was sought. Dkt. # 169, at 2. The Court noted that it may "be in the interest of judicial economy to stay this case pending a decision" by the Federal Circuit. Id. Navico does not state whether it intends to appeal the ITC's ruling but it does state that it will not request a stay while any appeal is pending. Dkt. # 180. Garmin states that it is likely to appeal the ITC's ruling, but it also opposes staying the case while an appeal is pending. Garmin claims that Navico has approached Garmin's customers and made false statements that the sale of Garmin's products would be illegal. Dkt. # 182, at 1. Garmin believes that it may be required to litigate claims against Navico in a separate business tort action unless this Court quickly issues a ruling on the merits of the case. Garmin also argues that it has filed a motion for summary judgment and that the Court can rule on the motion without resolving matters of claim construction. Id. at 2. However, Garmin acknowledges that the interests of judicial economy would weigh in favor of staying the case while an appeal of the ITC ruling is pending. Id.

This Court has the inherent authority to control its docket, which includes the power to stay cases in the interests of judicial economy. United Steelworkers of America v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). In patent cases, a stay may be appropriate if an administrative ruling would limit the number of issues before the district court and it would be the interests of judicial economy to wait for an administrative ruling. Power Survey, LLC v. Premier Utility Servs., LLC, 2015 WL

5037003 (D.N.J. Mar. 18, 2015); Equipements de Transformation IMAC v. Anheuser-Busch Companies, Inc., 559 F. Supp. 2d 809 (D. Utah 2008). There are substantial benefits for the district court and the parties to stay a patent infringement case when the Federal Circuit has a pending appeal concerning the same issues, such as simplifying the issues and streamlining the litigation, and conserving the district court's and the parties' resources when a court with greater expertise in the area of patent law is presented with the same issues. Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc., 2008 WL 4395854, **5-6 (N.D. Ill. Sep. 25, 2008). When considering whether the case should be stayed, the Court will consider the following three factors: (1) whether a stay would simplify the issues in question and a trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice any of the parties or provide either party a tactical advantage. See Buttercup Legacy LLC v. Michilin Prosperity Co., Ltd., 2012 WL 1493947 (D. Utah Apr. 27, 2012).

Staying this case would simplify the remaining issues and limit the number of issues remaining for trial, because some of the key disputes arising out of the ITC's final decision are matters of claim construction. Claim construction is an issue of law that is reviewed de novo by the Federal Circuit. Epistar Corp. v. ITC, 556 F.3d 1321, 1333 (Fed. Cir. 2009); Howmedica Osteonics Corp. v. Wright Med. Tech., Inc., 540 F.3d 1337 (Fed. Cir. 2008). In other words, a court with substantial expertise in patent matters will examine at least two of the same terms that are disputed in this case without any deference to the ITC's ruling. If the case proceeds without a stay, there is a substantial likelihood that one or both parties will ask the Court to reconsider claim construction and other rulings in light of the Federal Circuit's decision, and this would result in a waste of the parties' and the Court's resources. Although much discovery has been completed in this case, the

parties have numerous ongoing discovery disputes and Navico has challenged the admissibility of expert testimony, and it would be premature for the Court to find that discovery is substantially completed. A trial date has been set but, due to the number of pending motions and discovery disputes, it is unclear that the parties will actually be ready to try the case in March 2016. There is no likelihood that either Navico or Garmin will be prejudiced if a stay is granted. Navico has already obtained a limited exclusion order and a cease and desist order from the ITC and, in addition, Garmin is required to post a bond for the full amount of royalties due on potentially infringing products that are imported during the 60 day period of Presidential review following the issuance of the ITC's decision. Dkt. # 168-1, at 81-85.

Garmin acknowledges that judicial economy favors staying the case, but it argues that efficiently resolving this case on the merits would assist the parties in resolving a dispute concerning Navico's contact with Garmin's customers. Garmin also argues that the Court can rule on its motion for summary judgment (Dkt. ## 172, 173) without reaching matters of claim construction, and a ruling on the motion for summary judgment would completely dispose of plaintiff's claims or at least limit the issues before the Court. Dkt. # 182, at 2. As to Garmin's first argument, Navico's and Garmin's dispute about the truthfulness of Navico's representations to Garmin's customers is a matter that is outside the scope of this case, and the Court will not proceed with the case merely because it would help the parties resolve a collateral matter. Garmin is free to file a separate business tort action if it feels that it needs a more expedited ruling on the issue of Navico's contact with Garmin's customers, but the Court finds that it would not promote judicial economy or the interests of the parties to issue rulings that will eventually have to be reconsidered in light of a ruling by the Federal Circuit. Given the number and complexity of the motions filed by the parties, it is

also unlikely that the Court will issue a ruling on the merits of plaintiff's patent infringement claims quickly enough to assist the parties with their dispute concerning Navico's contact with Garmin's customers. Garmin also argues that the Court could rule on its motion for summary judgment without reaching any issue that is likely to be presented to the Federal Circuit. In particular, Garmin has asserted an argument that that it has successfully designed around Navico's patents, and it argues that two of Navico's patents suffer from "fatal indefiniteness." Dkt. # 173, at 5-6. The Court has reviewed Garmin's motion for summary judgment, and finds that it would be premature to reach any of Garmin's arguments until matters of claim construction are resolved. It will not be possible for the Court to determine if Garmin has designed around Navico's patents until the Court construes the disputed terms, and Garmin's indefiniteness argument would also require the Court to consider whether the disputed terms are clearly defined in the patents. See Dkt. # 172, at 20-26. The interests of judicial economy strongly favor allowing the Federal Circuit to rule on Navico's and/or Garmin's appeals of the ITC's final ruling, because the Federal Circuit has significant expertise in patent cases and the Federal Circuit's ruling is likely to narrow the issues before this Court. Staying the case will also conserve the parties' resources by eliminating the possibility of reconsideration of any order issued by this Court in light of the Federal Circuit's ruling on claim construction matters.

**IT IS THEREFORE ORDERED** that this case is **stayed** pending the final determination of any appeal filed with the United States Court of Appeals for the Federal Circuit concerning the ITC's final ruling on Navico's patent infringement claims.

**IT IS FURTHER ORDERED** that all deadlines, including the pretrial conference set for January 29, 2016 and the jury trial set for March 21, 2016 are **stricken**. **However, the settlement conference before Magistrate Judge Paul J. Cleary remains set for February 23, 2016 at 1:30 p.m.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Reschedule Pretrial Conference (Dkt. # 231) and the Stipulation Regarding Scheduling of Motions in Limine (Dkt. # 232) are **moot**.

**DATED** this 15th day of January, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE